**STATE of Minnesota, Respondent,**

**v.**

**Paul Andrew TESKE, Appellant.**

**No. C3–85–2196.**

Court of Appeals of Minnesota.

July 15, 1986.

Hubert H. Humphrey III, Minnesota Atty. Gen., St. Paul, and James H. Tumulty, Asst. Minneapolis City Atty., Minneapolis, for respondent.

Michael G. Singer, Minneapolis, for appellant.

Considered and decided by CRIPPEN, P.J., and LESLIE and NIERENGARTEN, JJ., with oral argument waived.

## OPINION

NIERENGARTEN, Judge.

After a jury trial in Hennepin County Municipal Court, Paul Teske was convicted of driving while under the influence and careless driving, Minn.Stat. §§ 169.121, subd. 1(a) and 169.13, subd. 2 (1984). He appeals, contending only that there was insufficient evidence. We affirm.

## FACTS

On July 10, 1985 Teske attracted the attention of two police officers when he made a wide turn and cut off another car. The officers followed as Teske began driving "aggressively" on a congested residential street; only "nose-dipped" his pickup truck at a stop sign before continuing on through the intersection; slowed down but failed to stop at a second stop sign; went through an uncontrolled intersection without slowing; weaved in and out to avoid traffic and parked cars; and failed to yield the right of way to another driver. The officers also said Teske was driving "too fast for conditions." Teske pulled over to park. One of the officers observed that Teske's speech was a "bit slurring" and:

> I could detect an odor of alcoholic beverage coming from him and I could see a little closer that his eyes were kind of glassy and even though he was—I would classify his being hyper, his walk and his—he was swaying just a bit when he was walking, like he didn't want to stand still and as we were exchanging information and/or asking where his driver's license is and getting some personal information from him, personally, I believe he had to lean against the truck, at least once, possible twice.

Teske was arrested and taken to Minneapolis City Hall for chemical testing.

Officer Conrad Urbik was on duty in the chemical testing room and with Teske for about fifteen or twenty minutes. Urbik observed an odor of alcoholic beverage and Teske's bloodshot and watery eyes. Teske was also "wobbling on his feet" and "slurring his words." Urbik concluded Teske was under the influence. Teske did not perform any field sobriety tests or provide a sample for chemical testing.

Teske testified he spent the afternoon at Cedar Lake and admitted drinking two cans of 3.2 beer and he was "just quenching [his] thirst" because it was a hot summer day. Teske claimed he came to a complete stop at all stop signs. He denied "weaving" and said he was simply being courteous to other drivers because of the narrow traffic lane on 15th Avenue.

The jury found appellant guilty of DWI and careless driving. He brought this appeal and properly filed a brief but the state did not timely file a responsive brief. This case will therefore be determined on the merits. *See* Minn.R.Civ.App.P. 142.03 (1986).

### ISSUE

Was there sufficient evidence for the jury to conclude appellant was guilty of driving while under the influence and careless driving?

### ANALYSIS

The standard of review for sufficiency of evidence to support a jury verdict is well-established:

> The evidence must be viewed in the light most favorable to the prosecution and it is necessary to assume that the jury believed the state's witnesses and disbelieved any contrary evidence.

*State v. Ulvinen*, 313 N.W.2d 425, 428 (Minn.1981). Teske contends the testimony of the state's witnesses was internally inconsistent and inconsistent with Teske's version of the facts. He also compares the facts of this case to *State v. Elmourabit*, 373 N.W.2d 290 (Minn.1985) *aff'g* 356 N.W.2d 80 (Minn.Ct.App.1984).

In *Elmourabit* the supreme court affirmed this court's reversal of a DWI conviction for insufficient evidence. *See* 373 N.W.2d at 291. In *Elmourabit* the state failed to prove its case beyond a reasonable doubt because the inferences which could be drawn from the evidence were in "uneasy equilibrium:"

> Defendant was driving 13 miles over the speed limit, but this is not uncommon for sober drivers too. There was an odor of alcohol, but the recent drinking of one bottle of beer may leave an odor of alcohol on the breath. Defendant's speech was at times slurred, but English is not his native tongue. There was testimony of some lack of coordination, but the video-taped dexterity tests showed none. There was evidence of glassy, bloodshot eyes, but also evidence of a heightened hyperventilative state.

*See id.* at 293. In affirming, the supreme court noted that *Elmourabit* would have little precedential value because it was "fact-bound." *See id.* The court also reaffirmed the general rule that, with "rare exceptions," jury verdicts will not be set aside:

> These are the kind of issues that this court, with rare exception, has always left to a jury. We conclude, however, that this is one of those rare exceptions. Even with the credence to be given the state's case, the unique facts and circumstances here, particularly in their various combinations, require us to conclude that the state's proof falls short of proof beyond a reasonable doubt.

*Id.* at 294.

### Driving While Under the Influence

To prove Teske was under the influence, the state had to show he did not "possess that clearness of intellect and control of himself that he otherwise would have * *." *State v. Graham*, 176 Minn. 164, 169, 222 N.W. 909, 911 (1929).

Here three police officers testified Teske's speech was somewhat slurred; his balance was affected; his eyes were glassy and bloodshot; and he had an odor of alcohol. Two officers were following Teske when he ran two stop signs. There was also testimony that Teske's other "aggressive" driving behavior was consistent with his being under the influence of alcohol.

■ There was little evidence, as in *Elmourabit*, to negate an inference that Teske was under the influence of alcohol. *See Elmourabit*, 373 N.W.2d at 291–92. The jury evidently believed the testimony

of the state's witnesses and disbelieved Teske's contradictory testimony. *See Ulvinen*, 313 N.W.2d at 428. We therefore conclude there was sufficient evidence for the jury to conclude appellant was driving while under the influence of alcohol.

### Careless Driving

Appellant also contends there was insufficient evidence of careless driving because the state did not establish that anyone was actually endangered by his driving. The state is not required to prove actual endangerment to obtain a conviction for careless driving. *See* Minn.Stat. § 169.-13, subd. 2 (1984). The state only had to show that appellant operated his vehicle in a manner "likely to endanger any property or any person." *Id.* We believe that appellant's driving conduct was sufficiently egregious to justify a careless driving conviction.

### DECISION

There was sufficient evidence for the jury to conclude appellant was guilty of DWI and careless driving.

Affirmed.